**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| C.W. MATTHEWS CONTRACTING, CO., INC. | § § | |
| Plaintiff, | § § | **CIVIL ACTION FILE NO.** _____ |
| vs. | § § | |
| THE SOUTHERN BANK COMPANY and PHILADELPHIA INDEMNITY INSURANCE CO. | § § § § | (From the Superior Court of Cobb County, Georgia, Civil Action File No.: 17-109583) |
| Defendants. | § § | |

## NOTICE OF REMOVAL

COME NOW, Defendant Philadelphia Indemnity Insurance Co. ("Philadelphia") and The Southern Bank Company ("Southern") and hereby files pursuant to 28 U.S.C.A. §§ 1332, 1441, 1446, and 1452 this Notice of Removal of the above described action to the United States District Court for the Northern District of Georgia, Atlanta Division, from the Superior Court of Cobb County, Georgia where the action is now pending. Philadelphia and Southern hereinafter collectively are referred to as the "Defendants." In support of this removal, Defendants state as follows:

1.

This action was commenced in the State Court of Cobb County, Georgia, on or about December 20, 2017, and a copy of Plaintiff's Complaint setting forth the

claims for relief upon which the action is based was served on Philadelphia on January 1, 2018.

2.

Copies of all process, pleadings, and orders which have been filed in the state court case are attached hereto as Exhibits A, B and C.

3.

This Notice of Removal is filed within thirty (30) days from the first date of service of Philadelphia Indemnity Insurance Co., pursuant to 28 U.S.C.A. § 1446(b) and Fed.R.Civ.P. 6(a). All defendants who have been properly joined or served join or consent to the removal of this action.

4.

Defendants will provide prompt notice of the filing of this Notice of Removal to Plaintiffs as required by 28 U.S.C.A. § 1446(d).

5.

A copy of this Notice of Removal will be filed with the Clerk of the State Court of Cobb County as required by 28 U.S.C.A. § 1446(d).

6.

This removal is pursuant to both diversity jurisdiction and federal question jurisdiction.

**I.      REMOVAL PURSUANT TO DIVERSITY JURISDICTION**

7.

2

This court has original diversity jurisdiction over this action under 28 U.S.C. § 1332 because: 1) there is complete diversity of citizenship between Plaintiffs and Philadelphia Indemnity Insurance Co.; and 2) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

### A. Diversity of Citizenship

8.

Plaintiff C.W. Matthews Contracting Co., Inc. is a corporation organized and existing under the laws of the State of Georgia and its principal place of business is located in Cobb County, Georgia.

9.

Defendant Philadelphia Indemnity Insurance Co. is a Pennsylvania corporation organized and existing under the laws of the State of Pennsylvania and its principal place of business is located in Montgomery County, Pennsylvania. Philadelphia Indemnity Insurance Co. is not a citizen of the state in which the action was brought and is a diverse party.

10.

Defendant The Southern Bank Company is a corporation organized and existing under the laws of the State of Alabama and its principal place of business is located in Etowah County, Alabama. The Southern Bank Company is not a citizen of the state in which the action was brought and is a diverse party.

**B.  Amount in Controversy**

11.

This action is a civil action, which arises out of a breach of contract claim on a federally funded road.   Plaintiff is seeking to implead funds far less than the amount in controversy.    Defendant Philadelphia's counterclaim together with Southern Bank Company's ("Southern") exceeds $75,000.00 even when offset by the amount plaintiff seeks to implead, and hence, even though the Complaint does not expressly state the amount in controversy, the amount in controversy is greatly in excess of the statutory requirements.

12.

The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of the diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

II.    **REMOVAL PURSUANT TO FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C § 1441(c).**

13.

4

In addition to removal of this case pursuant to diversity jurisdiction, Defendants remove this case under to 28 U.S.C. § 1441(c), which states: "If a civil action includes—a claim arising under the Constitution, laws, or treaties of the United States…the entire action may be removed…" Plaintiff has alleged in paragraph 6 of its complaint that that the dispute arises over a federally funded road Project covered by the Davis-Bacon Act. The plaintiff's claim involves whether or not the payments made to workers were in compliance with the Davis Bacon Act. The Davis-Bacon Act is federal law. Thus, the Plaintiff's claim arises under the laws of the United States. Therefore, this civil action arises under, and is intrinsically related to the Davis Bacon Act and is properly within the jurisdiction of this Court.

14.

Copies of all process, pleadings, and orders which have been filed in the state court case are attached hereto as Exhibits A, B and C.

15.

This case, is timely removed within thirty (30) days of service of the summons and complaint upon Philadelphia, pursuant to 28 U.S.C.A. § 1446 (b) and Fed.R.Civ.P. 6(a). All defendants who have been properly joined or served join or consent to the removal of this action.

16.

Defendants will provide prompt notice of the filing of this Notice of Removal to Plaintiffs as required by 28 U.S.C.A. § 1446 (d).

17.

A copy of this Notice of Removal will be filed with the Clerk of the State Court of Cobb County Georgia as required by 28 U.S.C.A. § 1446 (d).


WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this 1st day of February, 2018.

                **OWEN, GLEATON, EGAN,**
                **JONES & SWEENEY, LLP**

                /S/ M. Michael Egan, Jr.
                M. Michael Egan, Jr.
                Georgia Bar No. 242050
                egan@owengleaton.com
                *Counsel for Philadelphia Indemnity*
                *Insurance Company*

                **THE KATZ LAW FIRM, P.C.-KLF**

                /S/ Sam Katz
                Sam Katz, Esq.
                Georgia Bar No. 409058
                samkatz@katzlaw.org
                *Counsel for the Southern Bank Company*

1180 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 688-2600
Facsimile: (404) 525-4347

**SHERIFF'S ENTRY OF SERVICE**

26773

Civil Action No. _17109583_

Date Filed _12/20/17_

| | | | |
|---|---|---|---|
| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, **COBB** COUNTY

Attorney's Address   William Johnson
Moore Ingram Johnson & Steele LLP
326 Roswell Street
Marietta, Georgia 30060

C.W. Matthews Contracting Co., Inc.

_____
Plaintiff

VS.

Philadelphia Indemnity Insurance Co.; The Southern

Name and Address of Party to be Served.
Philadelphia Indemnity Insurance Co.

**Bank Company**

c/o CT Corporation System, 289 S. Culver Street

_____
Defendant

Lawrenceville, Georgia 30046 4805

_____
Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _Philadelphia Indemnity Insurance Co._ a corporation
by leaving a copy of the within action and summons with _____ _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This ___ day of _____, 20 _____

_____
Deputy



**EXHIBIT A**
ALL-STATE LEGAL



# SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

ID# 2017-0174695-CV
⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**17109583**
Robert E. Flournoy III - 40
DEC 20, 2017 12:35 PM

Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

CIVIL ACTION NUMBER  17109583

$224.00 COST PAID

C.W. Matthews Contracting Co., Inc.

**PLAINTIFF**

VS.

Philadelphia Indemnity Insurance Co.
The Southern Bank Company

**DEFENDANTS**

### SUMMONS
TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

     **William Johnson**
     **Moore Ingram Johnson & Steele LLP**
     **326 Roswell Street**
     **Marietta, Georgia 30060**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of December, 2017.**

Clerk of Superior Court

Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia





**EXHIBIT**
B

Page 1 of 1



ID# 2017-0174694-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
17109583
Robert E. Flournoy III - 40
DEC 20, 2017 12:35 PM

Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

C.W. MATTHEWS CONTRACTING
CO., INC.,

     Plaintiff,

VS.

THE SOUTHERN BANK COMPANY
and PHILADELPHIA INDEMNITY
INSURANCE CO.,

     Defendants.

CIVIL ACTION

FILE NO: _____

### COMPLAINT FOR INTERPLEADER

COMES NOW C.W. Matthews Contracting Co., Inc., Plaintiff herein, and shows the Court the following:

1.

The Southern Bank Company is a resident of Gadsden, Etowah County, Alabama, and is subject to the jurisdiction of this Court. It may be served with a Summons and copy of this Complaint in care of Sam Katz, Esq., at 5887 Glenridge Drive, Suite 280, Atlanta, DeKalb County, Georgia 30328.

2.

Philadelphia Indemnity Insurance Co. is a resident of Bala-Cynwyd, Montgomery County, Pennsylvania, and is subject to the jurisdiction of this Court. It may be served with a Summons and copy of this Complaint in care of its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

1

3.

Plaintiff, C. W. Matthews Contracting Co., Inc. is a resident of Marietta, Cobb County, Georgia, and is in possession of a fund of $31,448.54 to which Defendants are making claims that at different times have been adverse to one another.

4.

The Southern Bank Company is a secured creditor of the Navitus Group, Inc. which claims the fund held by C.W. Matthews Contracting Co., Inc. as collateral assigned to Southern Bank Company, Inc. by a Notice of Assignment dated March 3, 2016, by the Navitus Group, Inc. Upon information and belief, Navitus Group, Inc. defaulted on an indebtedness to Southern Bank Company and Southern Bank Company claims Navitus funds as collateral for that indebtedness.

5.

Philadelphia Indemnity Insurance Co. claims the fund held by C.W. Matthews Contracting Co., Inc. as a surety of the Navitus Group, Inc. which has performed under a payment and performance bond it issued on behalf of the Navitus Group, Inc.

6.

Additionally, Plaintiff has paid $13,688.65 in funds to Navitus Group employees for past due wages under the Davis-Bacon Act, since these employees were working on a Federal Road Project covered by the Davis-Bacon Act and those claims had priority over other claims.

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

2

WHEREFORE, Plaintiff demands:

(1) That the Court restrain and enjoin the Defendants from instituting any action against

Plaintiff for the recovery of said fund, in whole or in part;

(2) That Defendants be required to interplead and settle their claims between

themselves;

(3) That Plaintiff be discharged from any and all liability in the premises except to the

person whom the Court shall adjudge entitled to said property; and

(4) That Plaintiff recover its costs.

Respectfully submitted, this 26 day of December, 2017.

MOORE INGRAM JOHNSON & STEELE, LLP

William R. Johnson, GA Bar No. 395967
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499

C.W. MATTHEWS CONTRACTING CO., INC.

Sheldon Fram, GA Bar No. 272663
Director of Risk Management/Staff Attorney
PO Drawer 970
Marietta, GA 30061
(770) 428-4440

Attorneys for Defendant
C.W. Matthews Contracting Co., Inc.

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

4

# General Civil Case Filing Information Form (Non-Domestic)

ID# 2017-0174697-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**17109583**

Robert E. Flournoy III - 40
DEC 20, 2017 12:35 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

**Court**      County __Cobb__          Date Filed __12-20-2017__
☑ Superior                                    MM-DD-YYYY
☐ State        Docket # __17109583__

## Plaintiff(s)

__C.W. Matthews Contracting Co., Inc.__
Last    First    Middle I. Suffix Prefix    Maiden

Last    First    Middle I. Suffix Prefix    Maiden

Last    First    Middle I. Suffix Prefix    Maiden

Last    First    Middle I. Suffix Prefix    Maiden

**No. of Plaintiffs __1__**

## Plaintiff/Petitioner's Attorney          ☐ Pro Se

__Johnson, William__
Last        First        Middle I.    Suffix

**Bar # __395967__**

## Defendant(s)

__Philadelphia Indemnity Insurance Co.__
Last    First    Middle I. Suffix Prefix    Maiden

__The Southern Bank Company__
Last    First    Middle I. Suffix Prefix    Maiden

Last    First    Middle I. Suffix Prefix    Maiden

Last    First    Middle I. Suffix Prefix    Maiden

**No. of Defendants __2__**

## Related Case

Case # _____

Parties _____

Assigned Judge _____

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☑ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

### If Tort is Case Type:
#### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

C.W. MATTHEWS CONTRACTING, )
CO., INC. )
 )
   Plaintiff, )
 )
v. )  **CIVIL ACTION FILE**
 )  **NO.  17-109583**
THE SOUTHERN BANK COMPANY )
and PHILADELPHIA INDEMNITY )
INSURANCE CO. )
 )
 )
   Defendants. )
 )
 )
_____)

### PHILADELPHIA INDEMNITY INSURANCE COMPANY'S
### ANSWER AFFIRMATIVE DEFENSES & COUNTERCLAIM

NOW COMES Philadelphia Indemnity Insurance Company, Inc. ("Philadelphia"), Defendant herein, and files this, its Answer to the Complaint for Interpleader of C.W. Matthews Contracting Company, Inc. ("C.W. Matthews"), Plaintiff herein, and shows the Court the following:

### FIRST AFFIRMATIVE DEFENSE

As a matter of law, the Complaint fails to state a claim against Philadelphia.

### SECOND AFFIRMATIVE DEFENSE

C.W. Matthews has not been damaged.

### THIRD AFFIRMATIVE DEFENSE

Based on knowledge, information and belief, C.W. Matthews holds funds in excess of any damages that it may claim.


EXHIBIT
C

## FOURTH AFFIRMATIVE DEFENSE

Philadelphia has not acted in bad faith.

## FIFTH AFFIRMATIVE DEFENSE

For further answer, Philadelphia answers C.W. Matthews Complaint as follows:

1.

In response to the allegations contained in paragraph 1 of the Complaint, Philadelphia states that it is without knowledge as to the allegations contained in paragraph 1 of the Complaint, but it is admitted that Southern Bank Company is a resident of the state of Alabama. Philadelphia denies the remainder of any allegations contained in paragraph 1 of the complaint.

2.

The allegations contained in paragraph 2 of the complaint are admitted.

3.

In response to the allegations contained in paragraph 3 of the Complaint, Philadelphia states that the residency of Plaintiff, C.W. Matthews is the state of Georgia. Philadelphia denies that it is adverse to the claims of Co Defendant Southern Bank Company because Southern Bank makes no claim to the monies that are due to Philadelphia. The remaining allegations in paragraph 3 of the Complaint are denied.

4.

In response to the allegations contained in paragraph 4 of the complaint, Philadelphia states that it is without knowledge as the allegations in paragraph 4 of the complaint, therefore Philadelphia denies the allegations contained in paragraph 4 of the Complaint.

2

5.

In response to the allegations contained in paragraph 5 of the Complaint, Philadelphia states that Philadelphia as surety, and Navitus as principal, issued a payment bond for a project located at I-75/SR 401@SR 156 (Redbud Road)(the "Project"). Said Payment bond is numbered B11509601126-00 (the "Payment Bond"). The Performance Bond Speaks for itself. The moneys owed to Philadelphia arise from this Project. The moneys owed to Co-Defendant Southern Bank Company do not arise from this Project. Thus there is no conflict between Philadelphia and Southern Bank Company. Philadelphia denies all other allegations contained in paragraph 5.

6.

In response to the allegations contained in paragraph 6 of the complaint, Philadelphia states that it is without knowledge as the allegations in paragraph 6 of the complaint, therefore Philadelphia denies the allegations contained in paragraph 6 of the Complaint and demands strict proof of the same.

7.

Any and all other allegations not previously plead to are hereby denied.

## COUNTERCLAIM OF PHILADELPHIA INDEMNITY INSURANCE COMPANY

### COUNT ONE
### SUBROGATION

COMES NOW Philadelphia Indemnity Insurance Company, Inc. ("Philadelphia"), Defendant in this case and makes its Counterclaim as follows:

1.

Philadelphia as surety, and The Navitus Group, Inc. ("Navitus") as principal, issued a payment bond for a project located at I-75/SR 401@SR 156 (Redbud Road)(the "Project"). Said Payment bond is numbered B11509601126-00 (the "Payment Bond") and names C.W. Matthews ("C.W. Matthews") as obligee.

2.

Navitus entered into a subcontract agreement (the "Subcontract Agreement") for the Project with the plaintiff, CW Matthews Contracting Company Inc. The Philadelphia Payment Bond and Performance Bond are given with respect to the Subcontract Agreement.

3.

Philadelphia as surety performed as payment bond surety and paid a payment bond claimant on the Project the sum of $141,114.05. The payment bond claimant is Highfill and Scarborough, Inc., a subcontractor of Navitus on the Project. Through this performance by actual payment, Philadelphia became by operation of law fully subrogated to all the legal rights of the claimant to which it paid the $141,114.05 and to all the legal rights of Navitus for payment of all unpaid subcontract balances of Navitus in the hands of C.W. Matthews. These legal rights are superior to that of any other creditor, whether secured or unsecured, because the right to payment from C.W. Matthews only matured upon the performance of Philadelphia, thereby entitling Philadelphia to the amounts unpaid by C.W. Matthews that constitute the Navitus Subcontract balances.

4.

Plaintiff, C.W. Matthews has received payment from the Project Owner, the Georgia Department of Transportation, for the work that was performed by Navitus and Navitus

4

completed the Subcontract. When Philadelphia stepped in to perform the obligations of Navitus by paying the Navitus subcontractor, Philadelphia became fully subrogated by law against C.W. Matthews. The sum that Philadelphia has paid out to date is $141,114.05. Philadelphia is fully subrogated up to that sum and is entitled to all those Navitus Project contract balances in the hands of C.W. Matthews up to that sum. Those sums are not less than approximately $97,000.00 and maybe as high as $142,895.00.

5.

Navitus completed the work of the Subcontract Agreement for the Project and is entitled to the entirety of its Subcontract balances. All conditions precedent for the recovery of this money have been met. Philadelphia, by virtue of equitable subrogation and by virtue of its written indemnity agreement with Navitus, is entitled to recover from C.W. Matthews not less than $97,000.00 and perhaps as much as $141,114.05, depending upon a final and complete Subcontract accounting. C.W. Matthews has stubbornly and without just cause refused to make such a Subcontract accounting to Philadelphia, despite written demands.

COUNT TWO
ATTORNEY'S FEES

6.

The allegations contained in paragraphs 1 through 5 are specifically realleged and incorporated by reference as if fully set forth herein.

7.

The filing of this interpleader action is itself an act of bad faith by the Plaintiff, C.W. Matthews. It is fully aware that there is no conflict between Philadelphia and Co-Defendant, Southern Banking Company ("Southern") over the funds that C.W. Matthews seeks to implead. The current claims of Southern Banking Company arise out of totally separate projects and now

5

have nothing to do with the claims of Philadelphia. C.W. Matthews has in writing received confirmation that there is no dispute between Southern and Philadelphia before the filing of this specious interpleader action.   Southern agrees that Philadelphia has full right to go ahead of Southern in priority to the Navitus Subcontract balances on the Project, which is the only project that Philadelphia bonded for Navitus. C.W. Matthews' intent in filing the interpleader is clearly to interpose delay of the payment of funds which are rightfully due to Philadelphia and to position itself as plaintiff when it is C.W. Matthews that owes money to Philadelphia.  Further, C.W. Matthews was repeatedly asked to pay the sums not in controversy to Philadelphia and C.W. Matthews has stubbornly refused to do.

8.

C.W. Matthews has acted in bad faith, has been stubbornly litigious, and has caused Philadelphia unnecessary trouble and expense. It has not paid a debt it owes to Philadelphia despite repeated demands for payment.

9.

Therefore, Philadelphia prays for the expense of litigation and attorney's fees pursuant to O.C.G.A. § 13-6-11.  C.W. Matthews has been stubbornly litigious, has acted in bad faith and has caused Philadelphia unnecessary trouble and expense, all as set forth in O.C.G.A. § 13-6-11.

**WHEREFORE**, Philadelphia Indemnity Insurance Company hereby asks that the Court enter judgment in its favor as follows:

(a) A money judgment in favor of Philadelphia Indemnity insurance Company against C.W. Matthews pursuant to COUNT ONE an amount to be proven at trial, plus interest as allowed by law, and such other amount as may be proper and proven at trial, for compensatory damages;

6

(b) For attorney's fees and all expenses of litigation of the Philadelphia pursuant to COUNT

TWO against C.W. Matthews under O.C.G.A. § 13-6-11;

(c) A trial by jury in this Court and in any Court; and

(d) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of February, 2018.

OWEN, GLEATON, EGAN,
JONES & SWEENEY, LLP

 /S/ M. Michael Egan , Jr.
M. Michael Egan, Jr.
Georgia Bar No. 242050

 /S/ Gilmer M. Heitman, IV
Gilmer M. Heitman, IV
Georgia Bar No. 967042
**Counsel for Philadelphia Indemnity
Insurance Company**

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 688-2600
Facsimile: (404) 525-4347

7

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing *Answer, Affirmative Defenses and Counterclaim* upon all counsel of record, via electronic filing through Peach Court, addressed as follows:

William R. Johnson
Moore Ingram Johnson & Steele, LLP
Emerson Overlook
326 Roswell Street
Marietta, Georgia 30060

Sheldon Fram
C.W. Matthews Contracting Co., Inc.
Post Office Drawer 970
Marietta, Georgia 30061

Sam Katz, Esq.
The Katz Law Firm, P.C.-KLF
Counsel for the Southern Bank Company
5887 Glenridge Drive, Suite 280
Atlanta, GA 30328

This 1st day of February, 2018.

**OWEN, GLEATON, EGAN,
JONES & SWEENEY, L.L.P.**


_/S/ M. Michael Egan, Jr._____
M. Michael Egan
*Counsel for Philadelphia Indemnity Insurance
Company*

1180 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 688-2600
Facsimile: (404) 525-4347

ID# 2018-0014882-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**17109583**

FEB 01, 2018 02:10 PM

*Rebecca Keaton*
Rebecca Keaton, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

C.W. MATTHEWS CONTRACTING, )
CO., INC. )
 )
    **Plaintiff,** )
 )
v. )
 )
THE SOUTHERN BANK COMPANY )
and PHILADELPHIA INDEMNITY )
INSURANCE CO. )
 )
 )
    **Defendants.** )
 )
 )
_____ )

CIVIL ACTION FILE
NO.  17-109583

## THE SOUTHERN BANK COMPANY'S
## ANSWER AFFIRMATIVE DEFENSES & COUNTERCLAIM

    **NOW COMES,** THE SOUTHERN BANK COMPANY ("Southern Bank"), Defendant

herein, and files this its Answer to the Complaint for Interpleader of C.W. Matthews Contracting

Company, Inc. ("C.W. Matthews" or ("C.W."), Plaintiff herein, and shows the Court the

following:

### I.    AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

As a matter of law, the Complaint fails to state a claim against Southern Bank.

### SECOND AFFIRMATIVE DEFENSE

C.W. Matthews has not been damaged.

### THIRD AFFIRMATIVE DEFENSE

Based on knowledge, information and belief, C.W. Matthews holds funds in excess of any damages that it may claim, which the Defendant does not believe C.W. is damages at all.

### FOURTH AFFIRMATIVE DEFENSE

Southern Bank has not acted in bad faith, whereas C.W. has.

### FIFTH AFFIRMATIVE DEFENSE

C.W. is barred by the doctrine of equitable reliance.

### SIXTH AFFIRMATIVE DEFENSE

C.W. is barred by the doctrine of promissory estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

C.W. is barred by negligent misrepresentation.

### EIGTH AFFIRMATIVE DEFENSE

C.W. is barred by the doctrine of comparative fault.

### NINTH AFFIRMATIVE DEFENSE

C.W. is barred by its breach of contract.

### II.   ANSWER

For further answer, Southern Bank answers C.W. Matthews Complaint as follows:

1.

In response to the allegations contained in paragraph 1 of the Complaint, Southern Bank states that it is without knowledge as to the allegations contained in paragraph 1 of the Complaint, but it is admitted that Southern Bank Company is a resident of the state of Alabama.

Southern Bank denies the remainder of any allegations contained in paragraph 1 of the complaint.

2.

The allegations contained in paragraph 2 of the complaint are admitted.

3.

In response to the allegations contained in paragraph 3 of the Complaint, Southern Bank states that the residency of Plaintiff, C.W. Matthews is the state of Georgia. Southern Bank denies that it is adverse to the claims of Co Defendant Philadelphia because Southern Bank makes no claim to the monies that are due to Philadelphia and Philadelphia does not make claims to monies owed to Southern Bank. The remaining allegations in paragraph 3 of the Complaint are denied.

4.

In response to the allegations contained in paragraph 4 of the complaint, Southern Bank states that it is without knowledge as the allegations in paragraph 4 of the complaint, therefore Southern Bank denies the allegations contained in paragraph 4 of the Complaint.

5.

In response to the allegations contained in paragraph 5 of the Complaint, Southern Bank states that Philadelphia as surety, and Navitas as principal, issued a payment bond for a project located at I-75/SR 401@SR 156 (**Redbud Road)** (the "Project"). Said Payment bond is numbered B11509601126-00 (the "Payment Bond"). The Performance Bond Speaks for itself. The moneys owed to Philadelphia arise from this Project.

The moneys owed to Co-Defendant Southern Bank do not arise from this Project, but from the other projects performed by Navitus for C.W. (**Project # 12281, 12210, 12073, 12032, 11984**, collectively called ("Navitus Projects") in the amount believed to be approximately **$226,052.08** (To be determined based on a final accounting).

Thus there is no conflict between Philadelphia and Southern Bank or to each Defendants' claims. Southern Bank denies all other allegations contained in paragraph 5.

6.

In response to the allegations contained in paragraph 6 of the complaint, Southern Bank states that it is without knowledge as the allegations in paragraph 6 of the complaint, therefore Southern Bank denies the allegations contained in paragraph 6 of the Complaint and demands strict proof of the same.

7.

Any and all other allegations not previously plead to are hereby denied.

## COUNTERCLAIM OF SOUTHERN BANK AGAINST C.W.

**COMES NOW** THE SOUTHERN BANK COMPANY ("Southern Bank"), Defendant in this case and makes its Counterclaim as follows:

### COUNT I. BREACH OF CONTRACT

1.

Navitas entered into several subcontract agreements (the "Subcontract Agreement") for the **Navitus Projects** with the plaintiff, CW Matthews Contracting Company Inc. Natives

performed in accordance with the Subcontract Agreement and is to be paid by C.W. for its services per the Subcontractor Agreements.

2.

Natives and Southern Bank have sent notices and demands for the payments due and owing by C.W. to Navitus on the Navitus Projects in the current amount due of **$226,052.08** (To be determined based on a final accounting).

C.W. has not paid the Southern Bank on behalf of Navitus, even though Navitus has performed the work over the sub-contract Agreement, which the receipt of said services was received by C.W.

3.

Plaintiff, C.W. Matthews has received payment from the Navitus Projects Owners, for the work that was performed by Navitas and Navitas completed the Subcontract.

4.

There have been no notice received by Navitus or by Southern Bank from C.W. regarding any deficiencies in the performance of the work performed by Navitus or the amount owed to Navitu and thus to Southern Bank, which is believed to be **$226,052.08** (To be determined based on a final accounting).

5.

All conditions precedent for the recovery of this money have been met.  The Southern Bank, by virtue of its contract with Navitus and C.W. and by virtue of its written assignment with Navitas, is entitled to recover from C.W. Mathews not less than **$226,052.08** (To be determined based on a final accounting) from the Subcontractor Agreements on the Navitus Projects.

6.

C.W. Mathews is in breach of the Subcontractors Agreement, as it has stubbornly and without just cause refused to make such a Subcontract accounting or Navitus Projects accounting at any time to Philadelphia or to Southern Bank, despite written demands, which an Accounting is hereby demanded, and has failed to pay Southern Bank the amount due under the Subcontractors Agreements.

7.

As a direct and proximate result of C.W.'s breach, the Southern Bank has been proximately damages in the amount of no less than **$226,052.08** (To be determined based on a final accounting) from the Subcontractor Agreements on the Navitus Projects.

## COUNT II.   NEGLIGENCE

8.

Southern Bank restates the paragraphs above as if stated herein again verbatim.

9.

C.W. has a duty through the contracts entered into with the Navitus / Southern Bank or contracts and assignments, and  under the Uniform Commercial Code.

10.

C.W. breached its duties by failing to make payment to the Southern Bank and by filing this unnecessary action.

11.

As a direct result of the breach of duty, the Southern Bank has been damaged in the amount to be proven at trial.

## COUNT III. UNJUST ENRICHMENT

12.

Southern Bank restates the paragraphs above as if stated herein again verbatim.

13.

C.W. is more than aware of the contractual relationship between Navitus and the

Southern Bank including its assignment, but regardless has failed to pay the Southern Bank after

multiple demands.

14.

As a result of the conduct described above, C.W. has been unjustly enriched and thus

C.W. should be required to disgorge all monies owed to the Southern Bank.

## COUNT IV. ATTORNEY'S FEES

15.

The allegations contained in all paragraphs are specifically realleged and incorporated by

reference as if fully set forth herein.

16.

The filing of this interpleader action is itself an act of bad faith by the Plaintiff, C.W.

Matthews.   It is fully aware that there is no conflict between Philadelphia and Co-Defendant,

Southern Banking Company ("Southern Bank") over the funds that C.W. Mathews seeks to

implead. The current claims of Southern Bank arise out of totally separate projects - the Navitus

Projects.   C.W. Mathews has in writing received confirmation before the filing of this specious

interpleader action that there is no dispute between Southern Bank and Philadelphia.

17.

Southern Bank agrees  that Philadelphia has full right to go ahead of Southern in priority to the Navitas Subcontract balances on the Project, which is the only project that Philadelphia bonded for Navitas; and whereas, Philadelphia agrees that they do not have an interest in the monies owed by C.W. to Southern on the **Navitus Projects**.

18.

C.W. Matthews intent in filing the interpleader is clearly to interpose delay of the payment of funds which are rightfully due to Philadelphia and to Southern Bank and to position itself as plaintiff when it is C.W. Mathews that owes money to Philadelphia and Southern Bank. Further, C.W. Mathews was repeatedly asked to pay the sums not in controversy to Philadelphia and has asked for the additional monies owed to Southern Bank, which C.W. has stubbornly refused to do.

19.

C.W. Matthews has acted in bad faith, has been stubbornly litigious, and has caused Southern Bank unnecessary trouble and expense. It has not paid a debt it owes to the Southern Bank despite repeated demands for payment, and despite there being no controversy between the Southern Bank and Philadelphia regarding the monies that were interrupted into the court.

20.

Therefore, the Southern Bank prays for the expense of litigation and attorney's fees pursuant to O.C.G.A. § 13-6-11.  C.W. Mathews has been stubbornly litigious, has acted in bad faith and has caused the Southern Bank unnecessary trouble and expense, all as set forth in accordance with O.C.G.A. § 13-6-11.

**WHEREFORE**, the Southern Bank hereby asks that the Court enter judgment in its favor as follows:

(a) A money judgment in favor of the Southern Bank against C.W. Matthews pursuant to COUNT ONE, TWO and THREE, in an amount to be proven at trial, plus interest as allowed by law, and such other amount as may be proper and proven at trial, for compensatory damages.

(b) For attorney's fees and all expenses of litigation of the Southern Bank pursuant to COUNT FOUR against C.W. Matthews under O.C.G.A. § 13-6-11;

(c) A trial by jury in this Court and in any Court; and

(d) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of January, 2018.

/s/Sam Katz, Esq./
Electronic Signature
The Katz Law Firm, P.C.-KLF
Counsel for the Southern Bank Company
Georgia Bar 409058
5887 Glenridge Drive, Suite 280
Atlanta, GA 30328
Telephone: (404) 307-2339
Facsimile: (678) 827-0884
samkatz@katzlaw.org

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the within and foregoing *Answer, Affirmative Defenses and Counter Claim* upon all counsel of record, via electronic filing through Lexis Nexis, addressed as follows:

William R. Johnson
Moore Ingram Johnson & Steele, LLP
Emerson Overlook
326 Roswell Street
Marietta, Georgia 30060

M. Michael Egan, Jr.
Georgia Bar No. 242050
Gilmer M. Heitman, IV
Georgia Bar No. 967042
Counsel for Philadelphia Indemnity  Insurance Company
1180 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30309

Sheldon Fram
C.W. Matthews Contracting Co., Inc.
Post Office Drawer 970
Marietta, Georgia 30061

This 31st day of January, 2018.

/s/Sam Katz, Esq./
Electronic Signature
The Katz Law Firm, P.C.-KLF
Counsel for the Southern Bank Company
Georgia Bar 409058
5887 Glenridge Drive, Suite 280
Atlanta, GA 30328 Atlanta, Georgia 30309
Telephone: (404) 307-2339
Facsimile: (678) 827-0884
samkatz@katzlaw.org

## CERTIFICATE OF SERVICE

This shall certify that I have mailed the *Notice of Removal* via U.S. Mail and properly addressed to the following attorneys:

William R. Johnson
Moore Ingram Johnson & Steele, LLP
Emerson Overlook
326 Roswell Street
Marietta, Georgia 30060

Sheldon Fram
C.W. Matthews Contracting Co., Inc.
Post Office Drawer 970
Marietta, Georgia 30061

Sam Katz, Esq.
The Katz Law Firm, P.C. –KCF
Counsel for the Southern Bank Company
5887 Glenridge Drive, Suite 280
Atlanta, GA 30328

This 1st day of February, 2018.

**OWEN, GLEATON, EGAN,
JONES & SWEENEY, L.L.P.**

/S/ M. Michael Egan, Jr.
M. Michael Egan, Jr.
Georgia Bar No. 242050
*Counsel for Philadelphia Indemnity
Insurance Company*

1180 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 688-2600
Facsimile: (404) 525-4347